33771.   AKRIDGE *v.* THE STATE.

GARDNER, J.   (a) The defendant was convicted on an indictment which charged substantially that on February 26, 1949, he executed a valid bill of sale to secure debt, to the United Banking Company, including "four acres of cotton, one acre of tomatoes, one (acre of) cukes, four (acres of) corn, on the lands of E. L. Wood and M. S. Peavy, 1½ miles East of Ray City Georgia." The indebtedness secured was $219.15. The indictment further charged that on June 15, 1949, before the payment of the indebtedness and without having obtained the consent of United Banking Company, the holder of the bill of sale, the accused sold and disposed of all the tomatoes grown on one acre to parties unknown to the grand jury, with the intent to defraud Perry C. Myers, the indorser on the note and bill of sale, to whom United Banking Company transferred the bill of sale, and by reason of which the said Perry C. Myers, transferee, sustained a loss of $321.90.

Before announcing ready for trial the defendant made a motion for a continuance, which the record reveals was based on substantially the following: "I want to make this motion: That the man was indicted at this term of court. He was arrested yesterday, placed in jail, and brought here, and we haven't had an opportunity when we [meaning L. J. Courson and Elsie H. Griner] were appointed only about twenty minutes ago to represent him in this case. There was no opportunity

to talk with any of the witnesses and confer with them. Mr. Bryan's name appears on the bill of indictment as a witness for the State. We had a right to rely on him being here, as the president, or cashier, or manager of the bank [meaning United Banking Company] over there. He is the head of it, and we cannot now safely go to trial without Mr. Bryan's presence, and with no longer time than we have had to prepare the defense of this defendant." Counsel for the defendant asked the court to permit evidence on the motion, which the court did. The defendant, being sworn on the motion testified: "I did not know anything about this case against me until last night. They arrested me and put me in jail in Albany and kept me until the sheriff here sent after me and brought me to court this morning. I have never given any kind of bond in this case. There was no warrant that I know of. I did not get a lawyer. The court appointed you and Elsie H. Griner a few minutes ago to represent me. I want Mr. J. M. Bryan, the President of the United Banking Company, to come and testify in this case. I want to prove by him that I paid him the interest on the notes when he renewed them, with the tomato check, after I had sold the tomatoes. He is the one I talked to in the bank and the one I paid. His name is on the indictment as a witness for the State and I thought he would be here in court to testify." On cross-examination, the defendant testified: "I had never heard of this case against me until last night. I was arrested and put in jail, and brought into court by the sheriff. I did not have a summons sent to Mr. J. M. Bryan. I saw that the State had him for their witness and I thought he would be here. I want to prove by him that I paid him the interest on the notes with the tomato check. I have not seen Mr. Bryan since I was arrested. I am certain I have never given bond in this case." Upon motion of Mr. Courson, of counsel for the defendant, the court instructed the bailiff to go out and see if he could locate Mr. Bryan. Then the following developed: The deputy sheriff of the county, after being duly sworn, testified: "I am deputy sheriff in Berrien County. I have looked at my records in the office, and it is true that the defendant, Askridge, never gave any bond in this case; there was not a warrant sworn out against him prior to the return of the indictment. We telephoned the officers in Albany to arrest him and hold him until we could get there after him. The indictment was returned at this term of court in January, on January 9, 1951. He was arrested January 31st, 1951, and he has been in our custody since he was brought from Albany and we brought him to the courthouse today for the trial." At this time the bailiff reported that Mr. J. M. Bryan was out of town. Mr. Courson stated to the court: "Now, your Honor, in view of the evidence that this indictment was returned at this term of the court on January 9th, 1951, and the defendant was arrested on January 31, 1951, and placed in jail, and has only a few minutes ago had counsel appointed by the court to represent him, and in view of the evidence that Mr. J. M. Bryan, a witness for the State, and whose name appeared on the indictment as a witness, is out of town and will not be present for the trial, as we have a right to expect him to be, we renew our motion to continue this case until we can confer further with the defendant and prepare his

defense, and we submit that we have not had sufficient time in which to properly prepare to defend our client." *Held*:

The point is made by the State that the motion for a continuance is not sufficiently full and, therefore, should not be considered by this court. We think, under all the facts appearing in this record, that, as set out in Code § 27-2002, "the principles of justice should require a postponement of the trial." See *Hobbs* v. *State*, 8 *Ga. App.* 53 (2) (68 S. E. 515). It must be kept in mind that these crops were planted in 1949. The defendant was not indicted until January 9, 1951. He was not arrested until January 31, 1951. He was placed in jail in Albany where he then lived and was not brought to Berrien County for trial until the next day, and counsel were almost immediately appointed to represent him. A motion was made and testimony given under oath that counsel had not had time to confer with either the defendant or any of the witnesses, and counsel were not prepared to go to trial; and that, moreover, the President of United Banking Company, who appeared as a witness before the grand jury on the indictment, was absent. Then it was that the court sent a bailiff in search of the witness. The court could not locate Mr. Bryan, the president of the bank. Conceding, but not deciding, that the record which presents this motion for continuance is not in all respects in strict compliance with the law of procedure, it occurs to us that the court abused its discretion, under all the facts and circumstances of this case, in not granting to the defendant a continuance, or at least a postponement for a reasonable time.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED DECEMBER 5, 1951.

*L. J. Courson, Elsie H. Griner*, for plaintiff in error.
*Edward Parrish, Solicitor-General*, contra.